NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

ROBERT C. CECCON (Bar No. 115496)
rceccon@rwglaw.com
JENNIFER PETRUSIS (Bar No. 235144)
jpetrusis@rwglaw.com
RICHARDS, WATSON & GERSHON
  A Professional Corporation
355 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3101
Telephone:  213.626.8484
Facsimile:  213.626.0078

Attorneys for Defendants,
CITY OF BREA, CITY OF YORBA LINDA,
NICHOLAS PETROPULOS and CHRISTOPHER HARVEY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KRISTA LYNN MARTIN,<br><br>     Plaintiff,<br>     v.<br><br>CITY OF BREA; CITY OF YORBA LINDA; NICHOLAS PETROPULOS; CHRISTOPHER HARVEY and DOES 1 through 10, inclusive,<br><br>     Defendant. | Case No. SACV12 01846 FMO (RNBx)<br><br>Complaint Filed: October 23, 2012<br><br>**[PROPOSED]** **PROTECTIVE ORDER**<br><br>[Exempt from filing fees pursuant to Govt. Code § 6103] |

**PROTECTIVE ORDER**

**GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED** as follows:

**1.     GOOD CAUSE: PURPOSE AND SCOPE**

Plaintiff served requests for production of documents on Defendant City of Brea ("City"); in response thereto, City is producing documents deemed privileged and/or confidential.  The City claims that some of the requested documents are protected by the officers' right to privacy and subject to the official information privilege.

///

1  Documents under these designations, as well as information extracted therefrom,
2 shall be referred to as "Confidential Information," and shall be subject to this Protective
3 Order.

4    **2. DURATION**

5    The confidentiality obligations imposed by this Protective Order shall remain in
6 effect even after the termination of this litigation, and shall not be lifted without further
7 order of this Court.

8    This Order shall survive the final termination of this action, to the extent that the
9 information contained in "Confidential Information" is not or does not become known to
10 the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use
11 of the information disclosed hereunder. Within sixty (60) calendar days after the
12 conclusion of this action in its entirety (including expiration of appeal periods or the
13 execution of a settlement agreement among the parties finally disposing of this action), all
14 parties and persons having received "Confidential Information" shall dispose of all such
15 material either by (i) returning such material to counsel for the producing party, or (ii)
16 destroying such material in a manner that ensures that it will not be disclosed to or
17 disseminated or received by any person. Upon request, Plaintiff, the City, and their counsel
18 shall separately provide written certification to any producing party making the request that
19 such disposal has been completed. Counsel for the parties shall be entitled to retain all
20 court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and
21 at trial, and attorney work-product, including materials which contain, quote, discuss, or
22 analyze "Confidential Information", provided that such counsel and employees of such
23 counsel shall not disclose such materials to any person unless, after reasonable prior notice
24 to the producing party, the disclosing counsel has obtained permission pursuant to court
25 order or by agreement of the producing party. The "Confidential Information" kept by
26 counsel pursuant to this paragraph shall be maintained in accordance with the terms of this
27 Order. Unless otherwise agreed, outside counsel for each party may retain archival copies
28 of all "Confidential Information" marked as an exhibit during a deposition, used at a

hearing or at trial, or filed with the Court, and this Order shall remain in force with respect to such material.

**3.     DESIGNATED CONFIDENTIAL INFORMATION**

    3.1     Each party or non-party that designates Confidential Information for protection under this Protective Order shall ensure that such designation is not over-broad, and applies only to those materials, documents, items, or communications (or portions thereof) for which such protection is warranted.

    3.2     Confidential Information protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Confidential" on each page that contains Confidential Information, provided that such notation does not obscure or obliterate the document contents.

    3.3     An inadvertent failure to designate Confidential Information does not waive the producing party's right to secure protection under this Protective Order. If the producing party discovers after production of the Confidential Information that the information is lacking the appropriate designation, the producing party must timely notify the receiving party, who shall make reasonable effort to ensure that the Confidential Information is treated in accordance with the provisions of this Order.

**4.     TERMS AND CONDITIONS OF USE OF INFORMATION**

    4.1     Under no circumstances shall Confidential Information be used in any proceeding other than the instant case or be disseminated, in any form, except by order of this Court. Confidential Information must be stored and maintained by the receiving party at a location and in a secure manner that ensures that access is limited to the person authorized under this Protective Order.

-3-
[PROPOSED] PROTECTIVE ORDER

11222-0139\1531825v2.doc

4.2 Immediately upon production of Confidential Information, attorneys for the receiving party shall personally secure and maintain the Confidential Information in their possession. The Confidential Information shall not, under any circumstances, be left in an open or unsecured location where unauthorized persons (such as unauthorized employees of counsel, cleaning personnel, etc.) might have access to them.

4.3 Confidential information and information derived therefrom may not be disclosed in any form to anyone not covered under this protective order.

4.4 Disclosure of Confidential Information designated "Confidential" shall be limited to the personnel and/or classification of persons listed below:

    4.4.1 Plaintiff Krista Lynn Martin, Defendant Christopher Harvey and Defendant Nicholas Petropulos, and the counsel for these parties;

    4.4.2 Staff and personnel employed by counsel for the parties listed in Paragraph 4.4.1;

    4.4.3 The Court and court personnel, in connection with this litigation;

    4.4.4 During their depositions, witnesses who, from the face of the document, appear to have previously authored or received it; and

    4.4.5 Experts or consultants retained/consulted to work on this case by counsel for any party to this action (so long as each such expert or consultant agrees, in writing, to be bound by the terms of this Protective Order).

///

4.5 Confidential Information that a party intends to use in support of or in opposition to a pre-trial filing with the Court must be filed in accordance with the Central District of California Local Rules relating to under seal filings, including Local Rule 79-5. Counsel intending to use Confidential Information must submit unredacted documents containing Confidential Information under seal.

4.6 Except as set forth in paragraph 4.4.1, counsel for any party to this action shall advise those individuals to whom disclosure of Confidential Information is to be made of the contents of this Protective Order, and such counsel shall obtain the consent of such individual that he or she will be bound by this Protective Order, prior to disclosure of Confidential Information. In the event such individual does not consent to be bound by this Protective Order, no disclosure of Confidential Information shall be made to that individual.

    4.6.1 The foregoing provision shall not apply to the disclosure of Confidential Information to the Court or to the Court's staff.

4.7 Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to Confidential Information in any other court proceeding without further order of this Court.

4.8 In the case of depositions, any party may request that all or any portion of the deposition testimony given in this litigation be designated as Confidential Information orally during the deposition. Further, to the extent that Confidential Information may be identified or referred to in depositions in this case, the court reporter transcribing the deposition shall agree to be bound by the Protective Order. Any questions intended to elicit testimony regarding the contents of the Confidential Information shall be conducted only in the presence of persons authorized to review the Confidential Information as provided in this

Order. Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions applicable to the Confidential Information.

4.9  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

4.10  In the event that a party receives a subpoena, discovery request, or other legal process seeking Confidential Information produced by another party, the subpoenaed party must give prompt written notice to the party that disclosed the Confidential Information. The subpoenaed party shall inform the person or entity seeking the information of the existence of this Protective Order.

## 5. CHALLENGES TO DESIGNATION OF CONFIDENTIAL INFORMATION

5.1  Should a party challenge the confidentiality of information so designated, that party must do so in good faith, and shall confer directly with counsel for the producing party.

5.2  If the parties are unable to resolve the designation informally, the party challenging the designation may file and serve a motion under Civil Local Rules 37-1 and 37-2, including the Joint Stipulation requirement (and in compliance with Civil Local Rule 79-5, if applicable), identifying the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the party designating Confidential Information. The designation of the challenged information shall remain unchanged until the Court rules on the challenge.

///
///
///

**6. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

6.1 If a receiving party learns that it has disclosed Confidential Information to any person or entity not authorized to receive such information pursuant to this Protective Order, the receiving party shall immediately (a) notify the producing party of the unauthorized disclosure, including identification of the person or entity to whom such unauthorized disclosure was made, (b) retrieve all copies of the Confidential Information from the unauthorized recipient, (c) inform the unauthorized recipient of the terms of this Protective Order and request that they agree, in writing, to be bound hereto. Should the Court determine that the receiving party intentionally disclosed Confidential Information to an unauthorized party, the Court may consider the imposition of sanctions, including but not limited to monetary sanctions and/or issue preclusion.

6.2 Under no circumstances shall the receiving party file in the public record any Confidential Information, without written permission from the producing party or an Order of this Court, and only upon timely written notice to all interested parties. The parties shall meet and confer to discuss redactions of particularly sensitive information.

///
///
///
///
///
///
///
///

-7-
[PROPOSED] PROTECTIVE ORDER

11222-0139\1531825v2.doc

## 7. RIGHT TO ASSERT OBJECTIONS

    7.1    By the entry of this Protective Order, the parties are not waiving any rights that they might otherwise have to objecting to disclosure or production of information on any ground not addressed herein. The parties do not waive any right to object to the use in evidence of the material covered by this Protective Order.

This Order may not be modified unless by written consent of the parties and approval of the Court.

**IT IS SO ORDERED.**

Dated: April 5, 2013

_____
Honorable Robert N. Block
United States Magistrate Judge

Approved as to form and content:

Dated: April ____, 2013        WHITE AND REED LLP

By: _____
MICHAEL R. WHITE
Attorneys for Plaintiff,
KRISTA LYNN MARTIN

Dated: April ____, 2013        RICHARDS, WATSON & GERSHON
 A Professional Corporation
ROBERT C. CECCON
JENNIFER PETRUSIS

By: _____
JENNIFER PETRUSIS
Attorneys for Defendants,
CITY OF BREA, CITY OF YORBA LINDA, NICHOLAS PETROPULOS and CHRISTOPHER HARVEY